El Pueblo *v.* Esteves et al.

Apelación procedente de la Corte de Distrito de Aguadilla.

No. 43.—Resuelto en febrero 12, 1907.

Obligaciones—Fianza para Responder del Cumplimiento de las Leyes de Rentas Internas—Daños y Perjuicios—Causa de Acción.—Las fianzas otorgadas para garantizar el cumplimiento de las leyes de rentas internas, constituyen una obligación civil totalmente independiente de los perjuicios que pueda sufrir El Pueblo de Puerto Rico por el incumplimiento del obligado y de las responsabilidades de carácter criminal en que pudiera incurrir en el ejercicio de su industria, y por consiguiente, no es necesario expresar en la demanda para exigir el importe de tal obligación, los perjuicios que hubiere sufrido El Pueblo de Puerto Rico, ni que el obligado dejara de satisfacer la multa y demás responsabilidades que le fueran impuestas en una acción criminal.

ID.—RESPONSABILIDAD DE LOS FIADORES.—Con arreglo á las disposiciones de los artículos 1104 y 1723 del Código Civil, la responsabilidad de los fiadores es subsidiaria, ó sólo para el caso de que el principal obligado resulte insolvente después de hecha excusión de todos sus bienes, á no ser que los fiadores se hubieren obligado solidariamente con el deudor principal, en cuyo caso pueden ser demandados en unión de éste, siendo por consiguiente, necesario, cuando la demanda se dirija contra el deudor y sus fiadores, expresar en la misma que éstos se obligaron solidariamente con el deudor, pues de lo contrario, no contendrá hechos suficientes para constituir una causa de acción.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Franco Soto.*

Abogado del apelado: *Sr. Rossy, Fiscal.*

EL JUEZ PRESIDENTE SR. QUIÑONES emitió la opinión del tribunal.

Ante la Corte de Distrito del Distrito Judicial de Aguadilla, formuló El Pueblo de Puerto Rico, representado por el fiscal del mismo distrito, demanda en juicio civil contra Don J. F. Esteves, Ulderico Amell y viuda y herederos de Antonio de la Rosa para que se les condenara á pagar la suma de setecientos cincuenta dollars [$750], importe de una fianza prestada por J. F. Esteves, como principal, y Ulderico Amell y Antonio de la Rosa, causante de la expresada sucesión, como fiadores (*sureties*), para responder de que el mencionado J. F. Esteves cumpliría con todas y cada una de las prescripciones de la Ley de Rentas y sus Reglamentos, en la industria de destilería de ron á que pensaba dedicarse, expresando como fundamentos de hecho de su demanda, que dicha fianza fué extendida con fecha 19 de abril de 1901, y que entre las estipulaciones de la misma existe la expresa de que si el citado J. F. Esteves

"Pagase ó mándase pagar, como queda previsto por las leyes de rentas internas de Puerto Rico, de acuerdo con un acta de la Asamblea Legislativa de Puerto Rico, aprobada en 31 de enero de 1901, y titulada "un proyecto de ley para proveer de rentas al Pueblo de Puerto Rico y para otros fines" la suma de (sesenta) sesenta centavos por cada galón ó fracción de galón de ron, ó ron de malagueta, y la suma de (ochenta) ochenta centavos por cada galón ó fracción de galón de otros líquidos alcohólicos destilados, manufacturados y despachados

de dicha destilería para la venta ó consumo en Puerto Rico, por medio de la fijación y cancelación · de sellos de rentas internas ó facturas talonarias en la cantidad suficiente para pagar el impuesto en cada. galón de ron ú otros líquidos destilados despachados de dicha destilería al tiempo de ser despachados, en la manera ya prevista ó que sea prevista por el Tesorero de Puerto Rico en los Reglamentos redactados para el gobierno de los fabricantes, en el adherimiento de sellos de rentas internas á las facturas, y en el despacho del ron ú otros líquidos alcohólicos destilados, etc., etc., entonces cumplidas estas prescripciones, esta obligación será nula, en caso contrario, permanecerá en pleno vigor.''

que dicho J. F. Esteves faltó abiertamente á las estipulaciones de la fianza ameritada y especialmente á la que se deja transcrita, pues en 22 de agosto de 1904 la Corte Municipal de Aguadilla condenó á dicho J. F. Esteves á la pena de cien dollars de multa y al pago de trecientos veinte y dos dollars ochenta y seis centavos en sellos de Rentas Internas que dejara de usar, ó prisión en defecto, cuya sentencia fué dictada en una causa que se le siguiera en unión de otros, por haber fabricado y dispuesto de quinientos treinta y ocho galones.de ron sin pagar la contribución correspondiente, infringiendo por este hecho las estipulaciones de la fianza y haciéndose responsable del importe de la misma en unión de los otros demandados que la suscribieron como fiadores; y por esos fundamentos terminó con la súplica de que se condenara á los demandados al pago de la suma reclamada, intereses legales desde la fecha de la demanda y costas del juicio. Emplazados los demandados para contestar la demanda, adujeron contra ésta, excepciones previas, expresando que no aducía hechos suficientes para determinar una causa de acción y que la demanda es ambigua y dudosa, contestando al mismo tiempo que admitían el hecho de que el demandado Esteves fué sentenciado por la Corte Municipal de Aguadilla á las penas indicadas en la demanda por infracción de las leyes de rentas internas, pero que alegaban como nueva materia de oposición que todas las penas y multas á que se refiere dicha sentencia fueron satisfechas al Pueblo de Puerto Rico, resultando

éste totalmente indemnizado sin sufrir perjuicio ni daño alguno; la corte inferior desestimó las excepciones previas con las costas, y celebrado el juicio oral dictó sentencia en veinte y dos de marzo de mil novecientos seis, declarando que la ley y los hechos están á favor del demandante y ordenando que El Pueblo de Puerto Rico recobre de J. F. Esteves, Ulderico Amell y viuda y herederos de Antonio de la Rosa, ó de cualquiera de ellos, la cantidad de setecientos cincuenta dollars ($750), y las costas del pleito, debiendo librarse ejecución contra los bienes de los demandados para satisfacción de la sentencia. Los demandados presentaron ante la corte de distrito que conoció de este caso una solicitud para que se acordara la celebración de un nuevo juicio, fundándola en que la sentencia dictada es contraria á ley y en error de derecho cometido en el juicio, al cual opuso excepción la parte demandada; para esa petición se formuló la debida exposición de hechos ó resumen de la prueba, y después de debida consideración fué desestimada por la corte inferior. Contra la sentencia dictada en el pleito y contra la resolución denegatoria del nuevo juicio, interpusieron los demandados apelación para ante este tribunal, habiendo informado ambas partes por escrito y oralmente ante esta corte, en apoyo de sus respectivas pretensiones.

El problema jurídico planteado y sometido á la consideración del tribunal en este caso, tal como lo plantean los apelantes en su alegato, se reduce á determinar, si la Corte de Distrito de Aguadilla ha incurrido en error al desestimar las excepciones previas opuestas á la demanda por los demandados J. F. Esteves, Ulderico Amell y la sucesión de Antonio de la Rosa, ó en otro caso, si la sentencia pronunciada por dicha corte sobre el fondo de la cuestión que se ventila, está ó nó ajustada á los preceptos legales.

Planteada la cuestión en esta forma, debemos comenzar por ocuparnos de las excepciones previas.

Éstas, como ya hemos dicho, fueron dos: La de que la

demanda no aduce hechos suficientes para determinar una causa de acción, y la de ser ininteligible, ambigua y dudosa.

Descartando esta última de la cuestión, porque el sentido de la demanda en todos sus extremos es perfectamente inteligible y correcto, y no ofrece dudas ni ambigüedad, pasemos á ocuparnos de la otra excepción que se alega, y que se funda en los tres motivos siguientes: 1º. Que en la demanda no se expone en ninguna de sus alegaciones, que el demandante, ó sea El Pueblo de Puerto Rico, haya sufrido perjuicios por los actos llevados acabo por J. F. Esteves. 2º. Que en la demanda se expresa que el Sr. Esteves faltó á las estipulaciones de la fianza y que fué condenado por la Corte Municipal de Aguadilla; pero no se expresa que dejara de satisfacer la multa que le fuera impuesta y el importe de los sellos que dejara de usar, y siendo esto así, no existe causa de acción para cobrar dicha fianza, pues solo en el caso de que hubiera dejado de satisfacer dichas responsabilidades sería razonable perseguir la fianza; y por último, que no expresándose en la demanda que los fiadores se hubieran obligado solidariamente con el deudor principal, no puede existir causa de acción contra los mismos, puesto que sólo responden de la fianza cuando se obligan *insolidum* con el deudor principal, ó cuando hecha excusión previa en los bienes de éste hubiere resultado insolvente.

De estos motivos que se alegan como fundamentos de la excepción propuesta, los dos primeros no son admisibles; toda vez que, habiéndose prestado la fianza para responder del exacto cumplimiento por parte del Sr. Esteves de las prescripciones de la Ley de Rentas y de sus Reglamentos, en la industria de la fabricación del ron, á que pensaba dedicarse, es una obligación civil totalmente independiente de los perjuicios que pudiera sufrir El Pueblo de Puerto Rico por el incumplimiento del obligado Sr. Esteves, y de las responsabilidades de carácter criminal en que pudiera incurrir en el ejercicio de su industria, como así lo ha declarado esta Corte Suprema en sus resoluciones de 24 de noviembre y 4 de di-

ciembre de 1905, en los casos respectivamente del *Pueblo de Puerto Rico* v. *Juana y Pascual Borrás* y *El Pueblo de Puerto Rico* v. *Osvaldo Laborde y otros;* y por consiguiente, aunque no se exprese en la demanda que El Pueblo de Puerto Rico sufriera perjuicios á consecuencia del incumplimiento del Sr. Esteves, ni su cuantía, ni que dejara de satisfacer la multa y demás responsabilidades que le fueran impuestas por la Corte de Aguadilla, no por eso sería defectuosa la demanda.

No sucede así respecto del tercer motivo en que se funda la excepción previa que nos ocupa.

Con arreglo á los preceptos combinados de los artículos 1104 y 1723, del Código Civil Revisado, idénticos á los artículos 1137 y 1822, del antíguo, la responsabilidad de los fiadores es subsidiaria, ó solo para el caso de que el principal obligado resulte insolvente después de hecha excusión en sus bienes, á no ser que se hubieren obligado solidaríamente con el deudor principal, en cuyo caso pueden ser demandados en unión de éste; y como en el presente caso la demanda se dirige simultáneamente contra el obligado principal y los fiadores, y no se expresa en la demanda que los fiadores se hubieren obligado solidariamente con el deudor principal, es claro que la demanda no expresa causa suficiente de acción contra los fiadores, y por consiguiente, que es defectuosa y debe desestimarse por ese motivo.

Por cuyos fundamentos somos de opinión que, con revocación de la sentencia apelada y de la resolución también apelada de la negativa del nuevo juicio solicitado por los demandados, se desestime la demanda por no aducir hechos suficientes para determinar una causa de acción en el concepto expresado en el presente dictamen.

*Resuelto de conformidad.*

Jueces concurrentes: Sres. Figueras y Wolf.

Los Jueces Asociados Sres. Hernández y MacLeary no intervinieron en la resolución de este caso.